CLARK THIEL (Nevada Bar No. 10778)
MICHAEL S. MCNAMARA (*Pro Hac Vice*)
BRANDON C. CLARK (*Pro Hac Vice*)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:   415.983.1000
Facsimile:   415.983.1200
E-mail:   clark.thiel@pillsburylaw.com
   michael.mcnamara@pillsburylaw.com
   brandon.clark@pillsburylaw.com

SHEMILLY BRISCOE (Nevada Bar No. 9985)
**BRISCOE LAW GROUP**
1060 Wigwam Parkway
Henderson, Nevada 89074
Telephone:   702.754.5600
E-mail:   shemilly@briscoelawgroup.com

*Attorneys for Plaintiff Hunt/PENTA Joint Venture of Hunt Construction Group, Inc. and Penta Building Group, LLC and for Insurance Partners, Inc.*

SCOTT R. COOK (Nevada Bar No. 5265)
WILLIAM P. VOLK (Nevada Bar No. 6157)
E. DANIEL KIDD (Nevada Bar No. 10106)
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone:   702.362.7800
Facsimile:   702.362.9472
E-Mail:   scook@klnevada.com
   wvolk@klnevada.com
   dkidd@klnevada.com

JENA L. LEVIN (*Pro Hac Vice*)
PATRICK J. MCMAHON (*Pro Hac Vice*)
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 2800
Chicago, Illinois 60654
Telephone:   312.832.4500
Facsimile:   312.832.4700
E-Mail:   jlevin@foley.com
   pmcmahon@foley.com

*Attorneys for Defendant Aon Risk Services South, Inc.*

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| HUNT/PENTA, a Joint-Venture of HUNT CONSTRUCTION GROUP, INC., and PENTA BUILDING GROUP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AON RISK SERVICES SOUTH, INC. and Does 1-50, inclusive,<br><br>Defendants. | Case No.: 2-16-cv-01563-JAD-NJK<br><br>Removed Case No.: A-16-736809-C<br><br>**PARTIES' JOINT PROPOSED PROTECTIVE ORDER** |

| | |
|---|---|
| 1 | AON RISK SERVICES SOUTH, INC. and Does 1-50, inclusive, |
| 2 | |
| 3 | Counterclaimant, |
| | v. |
| 4 | HUNT/PENTA, a Joint-Venture of HUNT CONSTRUCTION GROUP, INC., and PENTA BUILDING GROUP, LLC, |
| 5 | |
| 6 | Counterdefendant. |
| 7 | AON RISK SERVICES SOUTH, INC. |
| 8 | Third-Party Plaintiff, |
| | v. |
| 9 | INSURANCE PARTNERS, INC. |
| 10 | Third-Party Defendant. |

**PROPOSED PROTECTIVE ORDER**

To adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, it is hereby ORDERED THAT:

1. **Scope.** All documents and information produced, adduced, or disclosed in the course of discovery in this matter, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, shall be subject to this Protective Order. This Protective Order is subject to the Local Rules of the District of Nevada and the Federal Rules of Civil Procedure on matters of procedure and the calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means documents or information designated "CONFIDENTIAL" by a party that produces or discloses material within one or more of the following categories (the "Producing Party"): (a) information prohibited from disclosure by statute, (b) information that reveals trade secrets, (c) research, technical, commercial, financial, or other proprietary information that the party has maintained as confidential, (d) medical information concerning any individual, (e) personal identity information, (f) tax returns, including any related schedules and forms, and (g) personnel

or employment records of a person who is not a party to this litigation. Confidential Information expressly excludes any publicly-available documents and information.

3. **Designation.** A Producing Party may designate Confidential Information by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used herein, "copies" includes electronic images, duplicates, summaries or descriptions that contain the Confidential Information. The "CONFIDENTIAL" designation shall be applied prior to or at the time of production or disclosure. Designating a document "CONFIDENTIAL" constitutes a certification by counsel[1] that the document contains Confidential Information, but it does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order.

4. **Designation of Deposition Testimony.** Unless all parties agree on the record at the time a deposition testimony is taken, all deposition testimony shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Protective Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. **Inadvertent Failure to Designate.** A Producing Party's inadvertent failure to designate a document "CONFIDENTIAL" does not, standing alone, waive the right to so designate the document provided other than as provided in Paragraph 4 above. If a Producing Party designates a document as Confidential Information after it was initially produced, then on

---

[1] An attorney who reviews the documents and designates them as "CONFIDENTIAL" must be admitted to the Bar of at least one state, but need not be admitted to practice in the District of Nevada unless the attorney is appearing generally in the case.

notification of the designation, the party that received the material ("Receiving Party") must make a reasonable effort to assure that it is treated in accordance with the provisions of this Protective Order. No party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information.

6. **Challenges to Designation as Confidential Information.** The designation of any document or information as Confidential Information is subject to challenge by any party and the procedure outlined below in subparagraphs (a) and (b) shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by notifying counsel for the Producing Party, identifying the designation(s) it intends to challenge and requesting to meet and confer. The Producing Party must respond to the request within five (5) business days. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the material, to reconsider the designation and, if no change in designation is offered, to explain the basis for the designation.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the party claiming confidentiality. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Protective Order.

7. **Limited Disclosure to Third-Parties.** The parties and their counsel shall not disclose or permit the disclosure of any information, document or thing designated "CONFIDENTIAL" to any third party except as set forth in sub-paragraphs (a) – (h) below.

Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (a)    Parties in this action, including the party's employees, but only to the extent that counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this litigation;

    (b)    Counsel of record and employees of counsel;

    (c)    Witnesses at deposition and/or trial to whom disclosure is reasonably necessary, provided that such witnesses may not retain copies of Confidential Information unless permitted by other provisions of this Protective Order;

    (d)    The Court and its personnel, including any arbitrator or mediator who is assigned, appointed or approved by the Court to hear this matter;

    (e)    Consultants, investigators or experts employed by the parties or counsel of record to assist in the preparation and trial of this matter, but only after such persons have completed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

    (f)    Court reporters and recorders; and

    (g)    Professional vendors engaged for the limited purpose of making copies, organizing, or processing documents, provided that a representative of the vendor has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

    (h)    Others persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed and ordered.

    8.    **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and shall maintain the originals of the forms signed by persons acknowledging their obligations under this Protective Order for a period of one year after the termination of the litigation.

    9.    **Use of Confidential Information in this Litigation.** Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, a Receiving Party shall use Confidential Information only for purposes of this litigation and in accordance with the terms of this Protective Order. Pre-trial and trial proceedings shall be conducted in a manner, subject to

the Court's supervision, the Federal Rules of Civil Procedure and local rules, to protect Confidential Information from disclosure to persons not authorized to have access to such material.

10. **Filing of Confidential Information.** This Protective Order does not, by itself, authorize the filing of any document under seal. **See order issued concurrently herewith.**

11. **Material Subpoenaed or Ordered Produced in Other Litigation.** If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information, documents or things designated as "CONFIDENTIAL" in this action, the Receiving Party must so notify the Producing Party, in writing (by email) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order, including a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the party who sent the subpoena or order that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that sent the subpoena or notice or order. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its designated material. Nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful order from another court.

12. **Unauthorized Disclosure.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify the Producing Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all

copies of the designated material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. **Duration.** Even after the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect unless the Producing Party agrees otherwise, in writing, or a court order otherwise directs.

14. **Obligations at Conclusion of Litigation.** Unless otherwise ordered or agreed in writing by the Producing Party, within 30 days after the final termination of this action, including all appeals, each Receiving Party must destroy all Confidential Information or return it to the Producing Party. However, a condition precedent to this obligation is a reminder notice by the Producing Party to the Receiving Party after the final termination of this action. This obligation applies to all Confidential Information, whether in physical or electronic form, and includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any Confidential Information, except that counsel may retain (a) its own attorney work product that refers or relates to the Confidential Information so long as that work product does not duplicate substantial portions of Confidential Information verbatim, and (b) one complete set of any Confidential Information filed under seal. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party within the 30-day deadline.

15. **Modification.** This Protective Order is entered solely on the agreement of the parties, for the purpose of facilitating discovery, and without prejudice to the right of any Party to waive any of the protections afforded to it, seek or assert other objections not addressed herein or apply to the Court to modify this Protective Order at any time. Nothing herein shall be construed or presented as a judicial determination that any document designated as Confidential Information is, in fact, entitled to protection under FRCP 26(c) or otherwise until such time as the Court has actually ruled on the specific document or issue and, except on privilege grounds not addressed by this Protective Order, no party may withhold information from discovery on the

1  ground that it requires protection greater than that afforded by this Protective Order without
2  moving the Court for an order providing additional protection.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16. All disputes concerning material designated and produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Nevada. This Protective Order shall be binding upon the parties, all counsel of record and their law firms, and persons made subject to this Protective Order by its terms.

| BRISCOE LAW GROUP<br>PILLSBURY WINTHROP SHAW PITTMAN LLP | KOLESAR & LEATHAM<br>FOLEY & LARDNER LLP |
|---|---|
| *[signature]* | *[signature]* |
| Shemilly Briscoe (Nevada Bar No. 9985)<br>Clark Thiel (Nevada Bar No. 10778)<br>Michael S. McNamara (*Pro Hac Vice*)<br>Brandon C. Clark (*Pro Hac Vice*)<br><br>*Counsel for Hunt/PENTA Joint Venture of Hunt Construction Group, Inc. and Penta Building Group, LLC and for Insurance Partners, Inc.* | Scott R. Cook (Nevada Bar No. 5265)<br>William P. Volk (Nevada Bar No. 6157)<br>E. Daniel Kidd (Nevada Bar No. 10106)<br>Jena L. Levin (*Pro Hac Vice*)<br>Patrick J. McMahon (*Pro Hac Vice*)<br><br>*Counsel for Defendant Aon Risk Services South, Inc.* |

IT IS SO ORDERED

Dated: December 19, 2016

*[signature]*

NANCY J. KOPPE
United States Magistrate Judge

- 9 -

# Exhibit A

## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| HUNT/PENTA, a Joint-Venture of HUNT CONSTRUCTION GROUP, INC., and PENTA BUILDING GROUP, LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>AON RISK SERVICES SOUTH, INC. and Does 1-50, inclusive,<br><br>   Defendants. | |
| AON RISK SERVICES SOUTH, INC. and Does 1-50, inclusive,<br><br>   Counterclaimant,<br><br>v.<br><br>HUNT/PENTA, a Joint-Venture of HUNT CONSTRUCTION GROUP, INC., and PENTA BUILDING GROUP, LLC,<br><br>   Counterdefendant. | |
| AON RISK SERVICES SOUTH, INC.<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>INSURANCE PARTNERS, INC.<br><br>   Third-Party Defendant. | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I hereby affirm that:

  Confidential Information, including documents and things designated as "CONFIDENTIAL", is being provided to me pursuant to the terms and restrictions of the Protective Order entered in the above-captioned action (hereinafter "Protective Order").

- 1 -

1       I have been given a copy of and have read the Protective Order.

2       I am familiar with the terms of the Protective Order and I agree to comply with and to be
3 bound by such terms.

4       I submit to the jurisdiction of this Court for enforcement of the Protective Order.

5       I agree to use any Confidential Information disclosed to me strictly in accordance with
6 the Protective Order. I also agree to notify any stenographic, clerical or technical personnel who
7 are required to assist me of the terms of this Protective Order and of its binding effect on them
8 and me.

9       I understand that I am to retain all Confidential Information in a secure manner, and that
10 all such Confidential Information must remain in my personal custody until I complete my
11 assigned duties in this matter, whereupon I must return the Confidential Information, including
12 all copies thereof and any writings prepared by me containing any Confidential Information, to
13 counsel from whom I received it.

Printed Name: _____

Signature: _____

Date: _____